**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JEFFERY A. STALLWORTH**                                             **PLAINTIFF**

**VS.**                               **CIVIL ACTION NO.** 3:16cv 284 HTW-LRA

**GOVERNOR DEWEY PHILLIP "PHIL" BRYANT,**
**STATE OF MISSISSIPPI, MISSISSIPPI DEPARTMENT OF**
**PUBLIC SAFETY, MISSISSIPPI ATTORNEY GENERAL JIM HOOD,**
**GOVERNOR LAWRENCE JOSEPH "LARRY" HOGAN, former**
**GOVERNOR BOB ELRLICH, STATE OF MARYLAND, AND**
**JOHN DOES 1-12, AND COMPACT**

**DEFENDANTS**

**COMPLAINT**
**JURY TRIAL REQUESTED**

COMES NOW Plaintiff Jeffery A. Stallworth and files his complaint for money damages,

declaratory, and injunctive relief brought pursuant to 42 U.S.C. Section 1983 and 1988, the

Fourth, Fifth, and Fourteenth Amendments and related state law claims against Dewey "Phil"

Bryant, Governor of the State of Mississippi, the State of Mississippi, the Mississippi

Department of Public Safety, Mississippi Attorney General Jim Hood, Governor Lawrence

Joseph "Larry" Hogan, Governor of the State of Maryland, the State of Maryland, former

Governor of Maryland Bob Elrlich, all sued in their official and individual capacities, and

Compact as follows:

**PARTIES**

1.     Plaintiff Jeffery A. Stallworth is a resident and a citizen of Jackson, Mississippi and a

pastor of a church here who resides at 6286 Hanging Moss Road, Jackson, Mississippi 39206.

2.      Defendant Phil Bryant is Governor of the State of Mississippi who resides at the Governor's Mansion or whose offices are located at 401 Mississippi Street, Jackson, Mississippi and can be served with process by serving him or his attorney.

3.      Defendant Jim Hood is the Attorney General of Mississippi and can be served with process at his office located at 550 High Street, Suite 1200, Jackson Mississippi 39201.

4.      Defendant State of Mississippi is a governmental entity which can be served with process by serving Attorney General Jim Hood at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

5.      Defendant Mississippi Department of Public Safety is headed by Commissioner Albert Santa Cruz and is a governmental agency of the State of Mississippi which is responsible for enforcing safety laws within the State. It can be served with process by serving the Commissioner, Albert Cruz, at 1900 E. Woodrow Wilson Avenue, Jackson, MS 39216 or by serving Attorney General Jim Hood at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

6.      Defendant Lawrence Joseph "Larry" Hogan is the Governor of Maryland and may be served with process at 100 State Circle, Annapolis, Maryland 21401-1925.

7.      Defendant Bob Elrich, former Governor of Maryland, may be served with process by publication or certified mail at 100 State Circle, Annapolis, Maryland.

8.      Compact is an entity comprised of several states that deal in and affect interstate commerce. It may be served with process by serving the Maryland Attorney General Brian E. Frosh, at 200 St. Paul Place, Baltimore, Maryland 21202.

9.      John Does 1-12 are unknown probation officers and governmental agencies who influenced the placement of Plaintiff on the sex offender registry.   They are sued in this complaint in their official capacities and individual capacities

## JURISDICTION AND VENUE

10.    Pursuant to USC Section 1331, this Court has jurisdiction over this action because it contains a federal question arising under the Constitution, laws, or treatises of the United States of America.  This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Mississippi state law pursuant to 28 U.S.C. Section 1367.

11.    Venue is proper pursuant to 28 USC Section 1391(b).  A substantial portion of the acts occurred in Jackson, Mississippi, giving rise to the claim.

## FACTS

12.    In 2000, Plaintiff Jeffery A. Stallworth MDiv was a single, successful senior pastor and charismatic minister who had enjoyed a lengthy pastorate of one of the early mega churches in Jackson, Mississippi.  Plaintiff Stallworth, a single man, was introduced to a woman from Maryland and after some time, began dating her. She invited him to her home in Maryland.  This woman was also an insurance agent who desired to sell the Plaintiff an insurance policy for his mega church. The Plaintiff refused to purchase such a policy.  After spending the night at the woman's home, and after she voluntarily took him to the airport the next morning, and unbeknowest to Plaintiff, the woman later falsely accused him of sexual improprieties for which he was indicted in 2001.  However, in March 2002, in an effort to remain free and return to his home state of Mississippi, Plaintiff pled guilty to one misdemeanor count of sexual offense in the fourth degree, for which he received a suspended sentence and probation.  Although he only had a misdemeanor on his record and received probation rather than jail time, the State of Maryland instructed the State of Mississippi to treat the Plaintiff as a felon even though he was not a felon. In fact, the form instruction sheet Maryland and Mississippi used for the sex registry did not

have a place for a misdemeanor, but they wrote it in. Upon his return to Mississippi, Plaintiff was required to register as a sex offender.

13.     On February 4, 2010, the Prince George County District Court expunged Plaintiff's misdemeanor conviction.   Possessed with the expungement, Stallworth petitioned the Hinds County Circuit Court for relief from the duty to register as a sex offender under Miss. Code Section 45-33-47 and attached a copy, certified, of a Certificate of Compliance from the Maryland court which indicated that his case had been expunged from the office of the sheriff's files.  After filing the petition, the Plaintiff's counsel and the Hinds County District Attorney met in the circuit judge's chambers. The Hinds County District Attorney conceded that the Plaintiff had no conviction that would require him to continue to register as a sex offender and did not oppose the petition relieving him of the duty to do so.  Despite an unopposed petition, the trial judge denied the petition.  Aggrieved, the Plaintiff appealed.

14.     On April 16, 2015, the Mississippi Supreme Court reversed and remanded the case to the trial judge for entry of judgment consistent with their opinion. In May 2015, the trial judge abided by the mandate he received.

15.     Despite having received an order from the Supreme Court of Mississippi, the highest court in the State, the Mississippi Department of Public Safety unreasonably, negligently, and intentionally delayed removing Plaintiff's name from the sex registry.

16.     The false allegation harmed the Plaintiff's good name and destroyed his career possibilities.  Maryland's instruction to treat him as a felon when he was not harmed him countless times and diminished his career possibilities in his field.  As a matter of fact, the Maryland judge both considered and wanted Plaintiff to supervise himself rather than be on supervised probation with a probation officer, but the two States refused.

## COUNT ONE: VIOLATION OF THE FIFTH AMENDMENT AND FOURTEENTH AMENDMENT

17.    Plaintiff reasserts the allegations set forth in paragraphs 1-15 set forth above.

18.    At all times herein, Plaintiff had a right to be free of taking without just compensation. The Defendants conspired to take Plaintiff's good name, his reputation, his career, and treat him as a felon and a sex offender which was published throughout the nation.  Mississippi caused this false mischaracterization when it knew that the Plaintiff was not a felon although they treated him as such.

19.    It was this instruction from Maryland that allowed Mississippi to do so.  These two States took his property which was his good name and his liberty without proper due process of law.

20.    Mississippi kept him on the sex offender registry even though they knew Plaintiff's misdemeanor conviction had been expunged.

21.    The Defendants violated Plaintiff's Fifth Amendment rights by taking his property interest without just compensation.

22.    The Defendants violated Plaintiff's Fourteenth Amendment rights by denying him due process.

23.    The Defendants violated Plaintiff's Fourteenth Amendment rights to substantive due process by arbitrarily, willfully, unfairly and capriciously placing him on the sex offender registry and arbitrarily keeping him on it after he had an expungement and an order from the State of Mississippi Supreme Court.

24.    As a direct and proximate cause of the acts of the Defendants, Plaintiff has suffered countless damages of emotional distress, has been irreparably harmed, anxiety, physical pain and has and will continue to suffer a loss of income and career possibilities.

## COUNT TWO:  FOURTEENTH AMENDMENT-DUE PROCESS

25.     Plaintiff reasserts the allegations set forth in paragraphs 1-23 set forth above.

26.     Plaintiff, as a citizen of Jackson, Mississippi, had a right to notice and a hearing before his name was taken by treating him as a felon when he was not and placing him on the sex offender registry.

27.     However, the Defendants gave no such hearing to the Plaintiff prior to do so.

28.     Upon information and belief, a violation of a constitutional right is irreparable and actionable.

29.     As a direct and proximate cause of the acts of the Defendants, Plaintiff has suffered harm including emotional distress and a violation of his due process rights.

## COUNT THREE:    FOURTEENTH AMENDMENT-EQUAL PROTECTION

30.     Plaintiff reasserts the allegations set forth in paragraphs 1-29 set forth above.

31.     Plaintiff, as a citizen of Jackson, Mississippi, has a right under the Fourteenth Amendment of the United States Constitution to be treated in a way and manner that was similar to all similarly situated persons who had, or have had, misdemeanors and/or expungements of similar matters.

32.     However, Plaintiff was treated less favorably than these similarly situated residents of Mississippi and Maryland with expungements or misdemeanors.

33.     This treatment of unequal protection was given at the hands of the State of Mississippi and initiated by Maryland's instruction to treat Plaintiff as a felon when he was not.  Further, Maryland inserted a category that was not on the form sheet to send to Mississippi.

## COUNT THREE-BREACH OF FIDUCIARY DUTY

34.     Plaintiff reasserts the allegations set forth in paragraphs 1-24 set forth above.

6

35.    As the Governor for all the people of Mississippi, a Legislature that should put the interests of all the people of Mississippi first, and a Department of Transportation which should devote and expend resources in all areas, regardless of whether they are populated by mostly blacks or mostly whites, these Defendants owe certain fiduciary duties to its citizens of the State of Mississippi and of the City of Jackson.

36.    These Defendants' failure to pay Plaintiff and the Jackson residents the full value, or any value whatsoever, for its property is a breach of that fiduciary duty owed to Plaintiff thereby entitling him to damages in a amount to be determined by the jury and Court.

## COUNT FOUR-BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

37.    Plaintiff reasserts the allegations set forth in paragraphs 1-37 set forth above.

38.    An implied covenant of good faith and fair dealing arises from the relationship a State has with her citizens.

39.    The Defendants' failure to treat the Plaintiff fairly and with integrity and dignity  is a breach of that implied covenant of good faith and fair dealing which entitles Plaintiff to damages.

## COUNT FIVE-VIOLATION OF CIVIL RIGHTS- 42 U.S.C. SECTION 1983

40.    Plaintiff reasserts the allegations set forth in paragraphs 1-39 set forth above.

41.    The Defendants' actions of treating Plaintiff as a felon when they knew he was not which necessitated his placement on the registry and Defendant Mississippi's refusal to remove his name from the registry even when the District Attorney had no objection inasmuch as the underlying conviction had been expunged by the State of Maryland served to violate the Plaintiff's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment, right to be treated fairly and violated his liberty interest guaranteed by the amendments of the U.S. Constitutiton.

42.    The Defendants had a duty to adequately train and supervise and discipline their employees so that they would not violate Plaintiff's, and others, rights to liberty, due process, and other unnecessary harm by the State.

43.    Said Defendants were deliberately indifferent to such duties and thereby proximately caused the injuries to Plaintiff including but not limited to emotional distress, physical pain in the form of illnesses, anxiety, and loss career opportunities.

### COUNT SIX-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, DEFAMATION, MISPRESENTATION, MALICIOUS PROSECUTION, AND FALSE IMPRISONMENT

44.    Plaintiff reasserts the allegations in paragraphs 1-43.

45.    The Plaintiff had a right to be free from false imprisonment.  His movement around the nation was restricted because of his name appearing on the registry when it should not have and because of Defendant Maryland instructing Mississippi to treat him as a felon when he was not. Said actions served to unlawfully detain him for which he suffered untold damages including mental anguish.

46.    Maryland falsely misrepresented that Plaintiff was a felon when he was not and caused him to be treated as such. Mississippi falsely misrepresented that the Plaintiff was an offender on the registry when in fact his conviction had been expunged.

47.    These actions constituted defamation, intentional and negligent infliction of emotional distress, negligence and malicious prosecution and an abuse of the system and Defendants' power.

48.    The Defendants actions were with reckless and grossly disregard of his rights caused Plaintiff damage and were the proximate cause of his damages.

WHEREFORE, Plaintiff Jeffery A. Stallworth requests that this Court enter an order declaring that their actions are unlawful and caused damage, enjoining the Defendants from acting so in the future, and awarding damages including punitive damages in an amount determined to be just and adequate plus prejudgment and post judgment interest and such other relief as this Court deems just and appropriate.

This the 15th day of April, 2016.

Respectfully submitted,

Jeffery A. Stallworth, Pro Se
6286 Hanging Moss Road
Jackson, MS 39206
601-259-5776-telephone